**STATE OF WEST VIRGINIA**

**SUPREME COURT OF APPEALS**

**FILED**

February 3, 2017
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**BONNIE K. MAYNARD,**
**Claimant Below, Petitioner**

**vs.)    No.  16-0040** (BOR Appeal No. 2050661)
(Claim No. 2013025405)

**KROGER LIMITED PARTNERSHIP I,**
**Employer Below, Respondent**

**MEMORANDUM DECISION**

Petitioner Bonnie K. Maynard, by Samuel F. Hanna, her attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Kroger Limited Partnership I, by Sean Harter, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated December 21, 2015, in which the Board affirmed the July 8, 2015, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's September 16, 2013, decision granting 8% permanent partial disability. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Ms. Maynard, a stock clerk, was injured on February 24, 2013, when she was lifting a box after unloading a truck. The claim was determined to be compensable for a lumbar strain/sprain. Ms. Maynard worked with light duty restrictions while she received conservative treatment for the lumbar spine. Prasadarao Mukkamala, M.D., performed an independent medical evaluation on September 5, 2013. He opined that Ms. Maynard had reached maximum medical improvement and assessed 9% impairment, which he reduced according to West Virginia Code of State Rules §85-20-C (2006) to 8% impairment. He did not believe Ms. Maynard needed any additional medical treatment. The claims administrator granted Ms. Maynard an 8% permanent partial disability award on September 16, 2013.

1

Bruce Guberman, M.D., performed an independent medical evaluation on March 7, 2014. He diagnosed acute and chronic lumbosacral strain, post-traumatic; disc herniation at L4-L5 superimposed on pre-existing degenerative changes; and lumbar radiculopathy confirmed by electrophysiologic studies. In Dr. Guberman's opinion, the disc herniation was due to the injury. He assessed 7% impairment for the disc herniation according to Table 75 of the American Medical Association's *Guides to the Evaluation of Permanent Impairment* (4th ed. 1993). He assessed 9% impairment using range of motion but opined half of that was for the pre-existing impairment. He then rounded up the 4.5% impairment attributable to the injury to 5% and opined that Ms. Maynard had 5% impairment for range of motion abnormalities due to the injury. Dr. Guberman then assessed 1% impairment for sensory and motor loss of the left extremity. Dr. Guberman combined these for a total of 13% impairment. Dr. Guberman then looked at the West Virginia Code of State Rules §85-20-C and assessed 13% impairment. In his opinion, Ms. Maynard was entitled to an additional 5% impairment as a result of the injury.

Michael R. Condaras, D.C., performed an independent medical evaluation on April 6, 2015. He diagnosed lumbar strain/sprain and assessed 9% impairment using range of motion. Dr. Condaras found Table 75 of the American Medical Association's *Guides* would not be applicable due to the Ms. Maynard's pre-existing low back problems. Using West Virginia Code of State Rules §85-20-C, Dr. Condaras assessed 8% impairment. Dr. Condaras further opined that Dr. Guberman's "creative apportionment procedure" would render his findings not credible.

The Office of Judges agreed with Drs. Mukkamala and Condaras and affirmed the claims administrator's 8% permanent partial disability award on July 8, 2015. The Office of Judges found Dr. Guberman's report to be "marred by a number of errors". First, Dr. Guberman apportioned the pre-existing impairment prior to the use of West Virginia Code of State Rules §85-20. Second, Dr. Guberman placed Ms. Maynard in Category II-C of Table 75 of the American Medical Association's *Guides* for a herniated disc, although the herniated disc was not a compensable condition in the claim. Third, Dr. Guberman assessed impairment for motor deficits in the lower extremities when both Drs. Mukkamala and Condaras found in their examinations that Ms. Maynard's sensory and motor functions were normal. Finally, Dr. Guberman placed Ms. Maynard in Lumbar Category III according to the West Virginia Code of State Rules §85-20-C based on radiculopathy. However, radiculopathy was not a compensable condition, and Ms. Maynard did not have any clinical evidence of radiculopathy according to Drs. Mukkamala and Condaras. The Office of Judges determined that Dr. Guberman's report was not an accurate or reliable assessment of Ms. Maynard's impairment.

The Board of Review adopted the Office of Judges' findings of fact and conclusions of law in their decision affirming the Office of Judges' Order on December 21, 2015. After review, we agree with the reasoning and conclusions of the Office of Judges as affirmed by the Board of Review. Dr. Guberman failed to properly assess Ms. Maynard's impairment. The reports of Dr. Mukkamala and Dr. Condaras both assessed 8% impairment. Their reports were relied upon by the Office of Judges in finding the evidence supported the award of 8% permanent partial disability. Ms. Maynard failed to show by reliable evidence that she had more than 8% permanent partial disability due to the February 24, 2013, injury. Therefore, she is not entitled to an additional permanent partial disability award.

2

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED: February 3, 2017**

**CONCURRED IN BY:**
Chief Justice Allen H. Loughry II
Justice Robin J. Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Elizabeth D. Walker